**EXHIBIT 7**

## PROMISSORY NOTE

$200,000                                                                July 23, 2012

FOR VALUE RECEIVED, the undersigned, David M. M. Taffet ("Maker"), does hereby promise to pay to the order of Rosemary Russell ("Holder"), at the address for notice to Holder designated below, the principal sum of Two Hundred Thousand Dollars ($200,000), together with interest on the outstanding principal balance thereof as provided below, in lawful money of the United States of America.

Interest shall accrue from the date hereof at the rate of twenty percent (20%) per annum, computed on the basis of a 360-day year and the actual number of days elapsed, and shall be paid on the first day of each calendar month.

Maker acknowledges and agrees that the interest hereunder is fair and commercially reasonable and that Maker is a sophisticated business person who offered the interest terms hereunder to Holder.

The unpaid principal balance of this Promissory Note, together with all interest accrued but unpaid thereon, shall be paid in full upon the consummation of the sale of Maker's property located at 321 Old Gulph Road, Wynnewood, PA 19096 (the "Property").

Maker shall have the right to prepay this Promissory Note at any time or times, in whole or in part, without notice, penalty or premium.

Unless applicable law provides otherwise, all payments received by Holder under this Promissory Note shall be applied by Holder (a) first, if following an Event of Default, to the reasonable costs and fees incurred in connection with the collection of this Promissory Note, including, without limitation, reasonable attorneys' fees and costs, (b) second, to any unpaid and accrued interest and (c) third, to the outstanding principal amount of this Promissory Note.

The occurrence of any of the following shall constitute an "Event of Default" hereunder:

(a)      failure by Maker to pay any of the amounts owed hereunder when such amounts shall become due and payable or Maker's failure to perform or observe any other term, covenant or agreement contained herein;

(b)      the application by Maker for, or consent to the appointment of, a receiver, trustee or liquidator for Maker or for any of his properties or assets; any admission by Maker in writing of his inability to pay debts as they become due and payable; any assignment by Maker for the benefit of its creditors; the voluntary commencement by Maker of a case for relief as a debtor under the United States Bankruptcy Code or the filing by Maker of a petition or an answer seeking reorganization or an arrangement with its creditors or attempting to take advantage of any applicable law respecting bankruptcy, reorganization, insolvency, readjustment of debts, dissolution or liquidation; the filing by Maker of any answer admitting the material allegations of a petition filed against it in any proceeding under any such applicable law;

(c)      the commencement against Maker or the filing of a petition against Maker under the United States Bankruptcy Code seeking relief thereunder or under any applicable law, and such case or petition remaining undismissed for sixty (60) days after the entry thereof; the entry of any order, judgment or decree, without the application, approval or consent of Maker or by any court of competent jurisdiction approving a petition seeking reorganization of Maker or of all or a substantial part of the properties or assets of Maker or appointing a receiver, trustee or liquidator of Maker and such order, judgment or decree shall continue unstayed and in effect for a period of sixty (60) days; or

(d)      Maker shall experience or cause any change in his financial condition, properties, affairs or prospects or any other event which could have a material adverse effect on the ability of Maker to meet Maker's obligations to Holder hereunder.

Upon the occurrence of an Event of Default, the entire unpaid balance of this Promissory Note and all interest thereon shall become and be immediately due and payable.  In addition to, and not in limitation of, the foregoing, upon the occurrence of an Event of Default, Holder may, subject to the rights of the holders of the encumbrances on the Property, exercise any other remedies as are available at law, in equity, hereunder or otherwise, all of which remedies shall be cumulative and not exclusive.  Maker shall pay all reasonable costs and fees incurred in connection with the collection of this Promissory Note, including, without limitation, reasonable attorneys' fees and costs.

No delay or failure by Holder to insist upon the strict performance by Maker of any of the terms and provisions hereof on any one or more occasions shall be deemed to be a waiver of any of the terms or provisions hereof, and Holder, notwithstanding any such delay or failure, shall have the right thereafter to insist upon strict performance by Maker of any and all terms and provisions hereof to be performed by Maker.  No course of dealing or other conduct or oral statement shall waive or affect any of Holder's rights hereunder.

Maker hereby waives presentment for payment, demand, protest, notice of protest of this Promissory Note and all other notices or demands in connection with the delivery, acceptance, performance, dishonor or enforcement of the payment of this Promissory Note.

THE FOLLOWING PARAGRAPH SETS FORTH A WARRANT OF AUTHORITY FOR ANY ATTORNEY TO CONFESS JUDGMENT AGAINST MAKER.  IN GRANTING THIS WARRANT OF ATTORNEY TO CONFESS JUDGMENT AGAINST MAKER, MAKER FOLLOWING CONSULTATION WITH HIS COUNSEL AND WITH KNOWLEDGE OF THE LEGAL EFFECT HEREOF, HEREBY KNOWINGLY, INTENTIONALLY, VOLUNTARILY AND UNCONDITIONALLY WAIVES ANY AND ALL RIGHTS MAKER HAS OR MAY HAVE TO PRIOR NOTICE AND AN OPPORTUNITY FOR HEARING UNDER THE RESPECTIVE CONSTITUTIONS AND LAWS OF THE UNITED STATES OF AMERICA, THE COMMONWEALTH OF PENNSYLVANIA OR ELSEWHERE.  IT IS SPECIFICALLY ACKNOWLEDGED BY MAKER THAT HOLDER HAS RELIED ON THIS WARRANT OF ATTORNEY IN RECEIVING THE PROMISSORY NOTE AND AS AN INDUCEMENT TO GRANT FINANCIAL ACCOMMODATIONS TO MAKER.

UPON AND FOLLOWING THE OCCURRENCE OF AN EVENT OF DEFAULT, MAKER HEREBY AUTHORIZES AND EMPOWERS ANY ATTORNEY OF ANY COURT OF RECORD OR THE PROTHONOTARY OR CLERK OF ANY COUNTY IN THE COMMONWEALTH OF PENNSYLVANIA, OR IN ANY JURISDICTION WHERE PERMITTED BY LAW OR THE CLERK OF ANY UNITED STATES DISTRICT COURT, TO APPEAR FOR MAKER IN ANY AND ALL ACTIONS WHICH MAY BE BROUGHT HEREUNDER AND ENTER AND CONFESS JUDGMENT AGAINST MAKER IN FAVOR OF HOLDER FOR SUCH SUMS AS ARE DUE OR MAY BECOME DUE HEREUNDER, TOGETHER WITH COSTS OF SUIT AND ACTUAL COLLECTION COSTS INCLUDING, WITHOUT LIMITATION, REASONABLE ATTORNEYS' FEES, WHICH IN NOT EVENT SHALL BE LESS THAN $5,000, WITH OR WITHOUT DECLARATION, WITHOUT PRIOR NOTICE, WITHOUT STAY OF EXECUTION AND WITH RELEASE OF ALL PROCEDURAL ERRORS AND THE RIGHT TO ISSUE EXECUTIONS FORTHWITH.  IF A COPY OF THIS PROMISSORY NOTE VERIFIED BY AFFIDAVIT OF ANY OFFICER OF HOLDER SHALL HAVE BEEN FILED IN SUCH ACTION, IT SHALL NOT BE NECESSARY TO FILE THE ORIGINAL THEREOF AS A WARRANT OF ATTORNEY, ANY PRACTICE OR USAGE TO THE CONTRARY NOTWITHSTANDING.  THE AUTHORITY HEREIN GRANTED TO CONFESS JUDGMENT SHALL NOT BE EXHAUSTED BY ANY SINGLE EXERCISE THEREOF, BUT SHALL CONTINUE AND MAY BE EXERCISED FROM TIME TO TIME AS OFTEN AS HOLDER SHALL FIND IT NECESSARY AND DESIRABLE AND AT ALL TIMES UNTIL FULL PAYMENT OF ALL AMOUNTS DUE HEREUNDER. HOLDER MAY CONFESS ONE OR MORE JUDGMENTS IN THE SAME OR DIFFERENT JURISDICTIONS FOR ALL OR ANY PART OF MAKER'S OBLIGATIONS ARISING HEREUNDER, WITHOUT REGARD TO WHETHER JUDGMENT HAS THERETOFORE BEEN CONFESSED ON MORE THAN ONE OCCASION FOR THE SAME OBLIGATIONS.  IN THE EVENT THAT ANY JUDGMENT CONFESSED AGAINST MAKER IS STRICKEN OR OPENED UPON APPLICATION BY OR ON BEHALF OF MAKER OR ANY OTHER PERSON FOR ANY REASON, HOLDER IS HEREBY AUTHORIZED AND EMPOWERED TO AGAIN APPEAR FOR AND

CONFESS JUDGMENT AGAINST MAKER FOR ANY PART OR ALL OF THE OBLIGATIONS, AS HEREIN PROVIDED.

All notices or other communications under this Promissory Note shall be by email, personal service or by reliable overnight courier service or by first class United States mail, postage prepaid, return receipt requested, to the parties at the addresses set forth below their names below.

This Note shall be the obligation of Maker and shall be binding upon the Maker and all of its heirs, personal representatives, successors and assigns; however, Maker shall not transfer or assign this Promissory Note or any obligation hereunder.

Payment of this Promissory Note shall not be subject to any set-off, by or in the right of Maker, and Maker hereby expressly and irrevocably waives any right it may now or at any time in the future have to assert any such set-off.

Maker and Holder each hereby (a) accepts and consents, generally and unconditionally, to the jurisdiction of the United States District Court for the Eastern District of Pennsylvania, or if federal jurisdiction is unavailable for any reason, to the jurisdiction of the state courts of the Commonwealth of Pennsylvania located in Montgomery County, for all claims, actions, disputes, controversies and similar matters arising hereunder or related hereto and (b) irrevocably waives any objection such party may have as to the venue of such proceeding brought in any such court or that such court is an inconvenient forum and (c) waives personal service of process and agrees and consents to service of process by certified or registered mail, return receipt requested, addressed to the parties at the address provided hereunder.

This instrument shall be construed according to and governed by the laws of the Commonwealth of Pennsylvania without regard to any rules as to conflict of laws. If any of the provisions or terms of this Promissory Note shall be held to be invalid or unenforceable for any reason, such invalidity or unenforceability shall not affect any other of the terms hereof, and this Promissory Note shall be construed as if such unenforceable term had never been contained herein.

IN WITNESS WHEREOF AND INTENDING TO BE LEGALLY BOUND, Maker has caused this Promissory Note to be executed as of the date first written above.

_____

DAVID M. M. TAFFET

Address for notices:
405 North Highland Avenue
Merion Station, PA 19066

Accepted:

_____
ROSEMARY RUSSELL

Address for payment and notices:

_____
_____
_____