**EXHIBIT 25**

| | |
|---|---|
| SPECTOR GADON & ROSEN, P.C.<br>By: Alan B. Epstein/Jennifer Myers Chalal<br>Attorney I.D. Nos. 02346/77841<br>1635 Market Street 7TH Floor<br>Philadelphia, PA  19103<br>(215) 241-8888<br>(215) 241-8844 (Fax)<br><br>*Attorneys for Plaintiff* | **NOTICE TO PLEAD**<br>**TO PLAINTIFFS: You are hereby notified to file a written response to the Complaint within** twenty (20) days from service hereof or Judgment maybe entered against you, |

| | |
|---|---|
| SHELLEY ROMM, INC.<br>(f/k/a Lippincott, Inc.)<br>1436 Wesleys Run<br>Gladwyne, PA  19035<br><br>and<br><br>RICHARD ZAKROFF<br>P.O. Box 707<br>Gladwyne, PA  19035<br>          Plaintiffs,<br><br>v.<br><br>LIPPINCOTT, LLC<br>(f/k/a Fossicker Acquisition, LLC)<br>326 S. Juniper Street, 1st Floor<br>Philadelphia, PA  19107<br>     and<br>DAVID M. M. TAFFET<br>915 Montgomery Avenue, Suite 209<br>Narberth, PA 19072<br>     and<br>PLATYPUS MANAGEMENT, INC.<br>326 S. Juniper Street, 1st Floor<br>Philadelphia, PA  19107<br>          Defendants. | PHILADELPHIA COUNTY<br>COURT OF COMMON PLEAS<br><br>COMMERCE COURT<br>DIVISION<br><br>TERM, 2009<br><br>NO.<br><br>JURY TRIAL DEMANDED |

## **COMPLAINT**

Plaintiffs, Shelley Romm, Inc. and Richard Zakroff hereby claim of

Defendants, Lippincott, LLC, David M. M. Taffet, and Platypus Management,

Case ID: 090304496

Inc., a sum in excess of Fifty Thousand Dollars ($50,000.00) in damages as a result of Defendants' breach of settlement agreement and in support thereof aver as follows:

## PARTIES AND JURISDICTION

1. Plaintiff Shelley Romm, Inc. (f/k/a Lippincott, Inc.) ("Shelley Romm" or "Plaintiff Company") is a Pennsylvania business corporation with its principal place of business at 1436 Wesleys Run, Gladwyne, Pennsylvania 19035. At all material times hereto, Shelley Zakroff was and continues to be the President of Shelley Romm.

2. Plaintiff Richard Zakroff ("Zakroff") is an individual residing in Gladwyne, Pennsylvania 19035. At all times relevant hereto, Zakroff was formerly employed as the Chief Strategy Officer of Defendant, Lippincott, LLC (f/k/a Fossiker Acquisition, LLC) and the holder of 8.79% of the total equity in Defendant Lippincott, LLC.

3. Defendant, Lippincott, LLC (f/k/a Fossiker Acquisition, LLC) ("Lippincott") is a business entity incorporated under the laws of the Commonwealth of Pennsylvania and maintains its registered office at 326 Juniper Street, Philadelphia, Pennsylvania 19107.

4. Defendant, David M. M. Taffet ("Taffet") is an individual who maintains his principal place of business at 915 Montgomery Avenue, Suite 209, Narberth, Pennsylvania 19072. Defendant Taffet was, at all times relevant hereto, the President and majority/substantial shareholder of both Defendants

Lippincott and Platypus Management, Inc. and acted under the color of those positions for the purpose of his own financial benefit.

5. Defendant, Platypus Management, Inc. ("Platypus") is a business entity incorporated under the laws of the Commonwealth of Pennsylvania and maintains its registered office at 326 Juniper Street, Philadelphia, Pennsylvania 19107. Defendant Platypus was, at the time of the sale of Shelley Romm to Lippincott, the Executive Manager of Defendant Lippincott and acted on its behalf.

6. Jurisdiction and venue are proper in this Court in that the relief being sought arises out of a breach of a settlement agreement (the "Settlement Agreement") entered into on February 9, 2009 between Shelley Romm and Defendants, Lippincott, LLC, David M. M. Taffet, and Platypus Management, Inc. (hereinafter Defendants or the "Lippincott Defendants"), which settled litigation entitled *Shelley Romm, Inc. v. Lippincott, LLC, et al.*, September Term, 2008, No. 001052, which was brought by Shelley Romm in the Court of Common Pleas Philadelphia County Commerce Program.

## STATEMENT OF CONTROLLING FACTS

7. From 1990 through January 2, 2007, Plaintiff Shelley Romm (then known as Lippincott, Inc.) operated a business that bought and recycled gold, platinum, diamonds and fine jewelry items from customers throughout the world, employing national television, internet and other advertising mediums for that purpose.

Case ID: 090304496

8. On January 2, 2007, Defendant Lippincott, LLC (then known as Fossiker Acquisition, LLC) ("Fossiker"), consummated the purchase of the tangible and intangible assets of Plaintiff Shelley Romm by tendering the payment of Twelve Million Dollars ($12,000,000.00) to Plaintiff Shelley Romm in accordance with the terms of an Asset Purchase Agreement dated November 3, 2006 that was entered between Plaintiff Shelley Romm and Defendant Lippincott.

9. The Asset Purchase Agreement provided for the lump sum payment of Ten Million Dollars ($10,000,000.00) and the delivery of a Non-Negotiable Promissory Note at the closing for the balance of Two Million Dollars ($2,000,000.00). A copy of the Asset Purchase Agreement is attached as Exhibit "A".

10. In accordance with the terms of the Asset Purchase Agreement, on January 2, 2007, Defendant Taffett, in his capacity as the President of Defendant Platypus, negotiated and executed a Non-Negotiable Promissory Note for the payment of the Two Million Dollars ($2,000,000.00). A copy of the Promissory Note is attached as Exhibit "B".

11. Contrary to their obligations under the Promissory Note, the Defendants never made the payment due under the terms of the Promissory Note.

12. On September 8, 2008, Plaintiff Shelley Romm filed a Civil Action Complaint against Defendants and their accounting firm, Parente Randolph, asserting claims for Breach of Contract, Breach of the Implied Covenant of

Good Faith and Fair Dealing, Fraud in the Inducement, Fraud, Conversion and Civil Conspiracy as a result of their conduct in depriving Shelley Romm of the rights and benefits under the Promissory Note. A copy of the Complaint is attached as Exhibit "C".

13. After a series of Preliminary Objections were filed by the Defendants and Amended Complaints filed by Plaintiff Shelley Romm, Shelley Romm filed a Third Amended Complaint on December 24, 2008 asserting claims for (i) Breach of Contract against Defendant Lippincott (Count I), (ii) Fraud in the Inducement against Defendants Lippincott, Platypus and Taffett (Count II), (iii) Conversion against Defendants Lippincott and Taffett (Count III), (iv) Tortious Interference with Contract against Parente Randolph (Count IV), and (v) Civil Conspiracy against Defendants, Lippincott, Taffett and Parente Randolph (Count V). A copy of the Third Amended Complaint (hereinafter "Complaint" or "Commerce Action") is attached as Exhibit "D".

14. The Lippincott Defendants filed Preliminary Objections to Plaintiff's Third Amended Complaint on January 12, 2009 and Defendant Parente Randolph filed Preliminary Objections to the Third Amended Complaint on January 6, 2009. A copy of the Lippincott Defendants' Preliminary Objections and Parente Randolph's Preliminary Objections are attached without exhibits as Exhibits "E" and "F", respectively.

15. Thereafter, Plaintiff Shelley Romm, Inc. and the Lippincott Defendants entered into settlement negotiations regarding the Commerce Action.

16. As part of the settlement negotiations, the Lippincott Defendants insisted that Lippincott's former Chief Strategy Officer, Richard Zakroff, who was not a party to the Commerce Action, resolve all associations with the Lippincott Defendants including, but not limited to, the remainder of his severance payments due over time (then totaling in excess of $500,000), and the purchase of his stock holdings in Lippincott, Inc. representing 8.79% of the equity in that entity. The agreement to affect that settlement was conditioned only on the approval of Lippincott's lender and substantial equity holder, CapitalSource, Inc.

17. Thereafter, on or about February 6, 2009, after securing and advising Plaintiffs of the approval of Capital Source, the Lippincott Defendants offered to pay Plaintiffs a total amount of Three Million Dollars ($3,000,000.00) in exchange for: (i) Plaintiff Shelley Romm dismissing her action against the Lippincott Defendants and Parente Randolph and (ii) Richard Zakroff releasing the Lippincott Defendants from any claims for further severance payments and relinquishing his stock ownership in Lippincott, Inc.

18. Plaintiffs accepted, without condition, the Lippincott Defendants' offer of settlement through their attorney and confirmed their acceptance in writing on February 9, 2009. A copy of that e-mail transmission from Alan Epstein, Esquire to Sarah Davies, Esquire is attached as Exhibit "G".

19. The Lippincott Defendants never made funding by any entity, including but not limited to CapitalSource a condition of the settlement.

20. While funding was never a condition of the settlement, on February 10, 2009, the Lippincott Defendants gratuitously advised Plaintiffs that CapitalSource would not fund the settlement and that they were continuing to search for a resolution of that issue. A copy of the February 10, 2009 letter from Sarah E. Davies, Esquire to Alan Epstein, Esquire is attached as Exhibit "H".

21. As a result of the Settlement Agreement reached between the parties, Plaintiff Shelley Romm, Inc. discontinued the Commerce Action without prejudice on February 17, 2009. A copy of the Praecipe to Discontinue is attached as Exhibit "I".

22. On that same day, the Lippincott Defendants advised through their attorney that they would not honor their obligations under the Settlement Agreement.

23. To date, the Lippincott Defendants have refused and failed to comply with the terms of the oral Settlement Agreement.

24. By virtue of the foregoing breach of the binding agreement to settle all of the rights of Shelley Romm and Richard Zakroff, Plaintiff against the Lippincot Defendants and Parente Randolph, Plaintiffs have suffered damages in excess of fifty thousand dollars ($50,000).

## COUNT I
## BREACH OF CONTRACT – SETTLEMENT AGREEMENT

25. Plaintiffs incorporate by reference paragraphs 1 through 24 of their Complaint as though fully set forth herein.

7

28. Plaintiffs and Defendants entered into a valid and enforceable oral agreement to settle the Commerce Action.

29. Plaintiffs have fulfilled all of their obligations to Defendants under the terms of the oral contract, including the dismissal by Plaintiff Shelley Romm of her action brought in the Commerce Court of Philadelphia County against the Lippincott Defendants and Parente Randolph.

30. Defendants breached their obligations under this contract with Plaintiffs by refusing and failing to tender the sum of $3,000,000.00 in accordance with the Agreement.

31. Defendants' refusal to pay the settlement funds constitutes a material breach of the Agreement.

32. As a direct and proximate result of the foregoing, Plaintiffs have been damaged in an amount in excess of fifty thousand dollars ($50,000)..

WHEREFORE, Plaintiffs demand judgment against Defendants individually, jointly and severally, including the following relief: (a) the award of compensatory damages in the amount three million dollars ($3,000,000) with interest thereon at the statutory rate of six percent (6%) simple interest from February 9, 2009; (b) specific performance of the terms of the Settlement Agreement; and (c) such other relief as the Court may deem as just and proper under the circumstances.

SPECTOR GADON & ROSEN, P.C.

ALAN B. EPSTEIN/JENNIFER MYERS CHALAL
Attorneys for Plaintiff, Shelley Romm, Inc.

Dated: 3/26/09

8

## **VERIFICATION**

I, Shelley Zakroff, hereby state that I am the President and sole shareholder of Shelley Romm, Inc., I am the Plaintiff in the foregoing action, and that the facts set forth in this Complaint are true and correct to the best of my knowledge, information and belief.

This Verification is made subject to the penalties of 18 Pa.C.S. §4904 relating to unsworn falsification to authorities.

_____
Shelley Zakroff

Dated: 3/25/09

Case ID: 090304496

## VERIFICATION

I, Richard Zakroff, being duly sworn according to law, depose and say that I am the Plaintiff in the foregoing action, and that the facts set forth in this Complaint are true and correct to the best of my knowledge, information and belief.

This Verification is made subject to the penalties of 18 Pa.C.S. §4904 relating to unsworn falsification to authorities.

*Richard Zakroff*

Dated: 3/25/09

Case ID: 090304496