IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PLATYPUS HOLDINGS, LLC** *Plaintiff* | : : : : : : : | **CIVIL ACTION**<br><br>**NO. 14-0999** |
| v. | | |
| **JEFFREY B. RUSSELL, M.D.,** *et al.* *Defendants* | | |

NITZA I. QUIÑONES ALEJANDRO, J.                                                                                        October 9, 2014

# MEMORANDUM OPINION

## INTRODUCTION

Before this Court is a *motion to dismiss for absence of subject matter jurisdiction* filed by Plaintiff/Counterclaim Defendant Platypus Holdings, LLC ("Platypus"), which seeks dismissal of this entire action based upon the lack of subject matter jurisdiction. [ECF 27]. Defendants/Counterclaim Plaintiffs Jeffrey B. Russell, M.D., and Rosemary Russell (the "Russells" or "Defendants") filed a response in opposition. [ECF 31]. The motion is ripe for disposition.

For the reasons set forth herein, the motion is granted and this matter is dismissed in its entirety for lack of subject matter jurisdiction.

## BACKGROUND

On February 19, 2014, Platypus, a limited liability company, filed a complaint asserting various contract claims arising out of an alleged agreement between Platypus and Defendants. [ECF 1]. In the complaint, Platypus alleged that Defendants, who were and are citizens of Delaware, were members of Platypus. [ECF 1; Comp. ¶¶6-7]. On June 26, 2014, Platypus filed an amended complaint essentially asserting the same claims alleged in the original complaint as

well as an allegation that on June 16, 2014, Platypus invoked its rights of redemption, thereby terminating Defendants' membership in the limited liability company. [ECF 12; Amend. Comp. ¶¶57-58].

**LEGAL STANDARD**

Because federal courts are courts of limited jurisdiction, when there is a question as to the Court's subject matter jurisdiction, "it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition on the merits." *Zambelli Fireworks Manufacturing Co., Inc. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010) (citations omitted). Undisputedly, subject matter jurisdiction can never be waived and can be raised at any point in the litigation. *Gonzalez v. Thaler*, 132 S.Ct. 641, 648 (2012). If a court determines that it lacks subject matter jurisdiction, "the court must dismiss the complaint in its entirety." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

**DISCUSSION**

Pursuant to 28 U.S.C. §1332(a)(1), "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states."

In this action, the dispute is between Platypus, a limited liability company, and the Russells, husband and wife, who reside in Delaware. For purposes of jurisdiction, the Third Circuit has likened the citizenship of a limited liability company, such as Platypus, to the citizenship of partnerships and other unincorporated associations and has held that the citizenship of a limited liability company is determined by the citizenship of all its members. *Zambelli*, 592 F.3d 412, 420 (3d Cir. 2010). As such, a limited liability company holds the citizenship held by each of its members. *Id.* All parties here agree that at the time Platypus filed its original

2

complaint, the Russells were members of Platypus. Consequently, when Platypus commenced this action, there was no diversity of citizenship because both Platypus and the Russells were citizens of Delaware. Accordingly, this Court lacked subject matter jurisdiction.

Defendants argue, however, that Platypus effectively created diversity jurisdiction when it voluntarily amended its complaint on June 26, 2014, and alleged that the Russells' membership in Platypus had been terminated effective June 16, 2014. In response, Platypus argues that well-settled law requires this Court to look at the state of affairs at the time the action was commenced. This Court agrees, and finds that this issue is governed by the Supreme Court's decision in *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567 (2004).

In *Grupo*, the plaintiff, Atlas Global Group, L.P. ("Atlas"), a limited partnership, filed suit against the defendant, Grupo Dataflux ("Grupo"), a Mexican corporation, in federal court. *Id.* at 568. The matter proceeded to trial with the jury returning a verdict in favor of Atlas. *Id.* at 569. Before the entry of judgment, Grupo filed a motion to dismiss the action for lack of subject matter jurisdiction because the parties were not diverse at the time the plaintiff commenced the action since two of its partners were Mexican citizens, as was the defendant. *Id.* While Atlas conceded that diversity was lacking at the time it commenced suit, it argued that the defect was cured by the time the jury returned its verdict because its Mexican partners had left the partnership. *Id.* Rejecting Atlas' argument, the Court reiterated the long standing rule that "the jurisdiction of the court depends upon the state of things at the time of the action brought." *Id.* at 570. The Court went on to hold:

> To our knowledge, the Court has never approved a deviation from the rule articulated by Chief Justice Marshall in 1829 that "[w]here there is no change of party, a jurisdiction depending on the condition of the party is governed by that condition, as it was at the commencement of the suit." Unless the Court is to manufacture a brand-new exception to the time-of-filing rule, dismissal for lack

3

of subject-matter jurisdiction is the only option available in this case. The purported cure arose not from a change in the parties to the action, but from a change in the citizenship of a continuing party. Withdrawal of the Mexican partners from Atlas did not change the fact that Atlas, the single artificial entity created under Texas law, remained a party to the action. True, the composition of the partnership, and consequently its citizenship, changed. But allowing a citizenship change to cure the jurisdictional defect that existed at the time of filing would contravene the principle articulated by Chief Justice Marshall in *Conolly*. We decline to do today what the Court has refused to do for the past 175 years. *Id.* at 574-575.

As in *Grupo*, under the facts pled in the original complaint, this Court lacked subject matter jurisdiction at the time Platypus commenced this action because the Russells were members of Platypus. Notwithstanding the rescission of the Russells' membership, this Court continues to lack subject matter jurisdiction over this matter because, as in *Grupo*, the "purported cure arose not from a change in the parties to the action but from a change in the citizenship of a continuing party." Therefore, this action is dismissed for lack of subject matter jurisdiction.

## CONCLUSION

Based on the foregoing, this Court finds that it lacks subject matter jurisdiction over the underlying action. Therefore, this action is dismissed in its entirety. An order consistent with this memorandum opinion follows.

NITZA I. QUIÑONES ALEJANDRO, U.S.D.C. J.